```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
HECTOR GONZALEZ,                                                     :
                                                                     :
                                Plaintiff,                           :   20-CV-7338 (JMF) (SLC)
                                                                     :
                -v-                                                  :   MEMORANDUM OPINION
                                                                     :          AND ORDER
COMMISSIONER OF SOCIAL SECURITY,                                     :
                                                                     :
                                Defendant.                           :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Hector Gonzalez, proceeding *pro se*, filed his form Complaint invoking 42 U.S.C. § 405(g) or 42 U.S.C. § 1383(c)(3) for review of a final decision of the Commissioner of Social Security on September 9, 2020.  ECF No. 2.  Defendant now moves to transfer the case to the United States District Court for the Eastern District of New York pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a).  That motion is granted.

The Social Security Act provides that actions for review of a final decision by the Commissioner of Social Security "*shall* be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business."  42 U.S.C. § 405(g) (emphasis added).  "When an action is filed in the wrong judicial district, it *must* be transferred to the proper judicial district, or dismissed."  *Adams v. Barnhart*, No. 03-CV-1362 (KMW) (GWG), 2003 WL 21912543, at *1 (S.D.N.Y. Aug. 8, 2003) (emphasis added) (citations omitted).  Here, the Complaint itself alleges that Mr. Gonzalez is a resident of Brooklyn, New York and lists a Brooklyn address.  *Id.*  Brooklyn is located in the Eastern District of New York.

*See* 28 U.S.C. § 112(c). Accordingly, this case must be dismissed or transferred to the Eastern District of New York. *See Adams*, 2003 WL 21912543, at *1.

Mr. Gonzalez's papers opposing Defendant's motion provide no basis to avoid transfer. Mr. Gonzalez does not argue that he maintains a principal place of business in the Southern District of New York; in fact, he once again lists an address in Brooklyn. ECF Nos. 25, 26.[1] "Accordingly, for the convenience of [the] parties and the interest of justice, this action should be transferred to the United States District Court for the Eastern District of New York, based on [P]laintiff's residence in that District." *Fioravante v. Barnhart*, No. 02-CV-8008 (RMB) (AJP), 2002 WL 31422887, at *1 (S.D.N.Y. Oct. 29, 2002) (collecting cases).

Defendant shall promptly serve Plaintiff with a copy of this Memorandum Opinion and Order and shall file proof of such service on the docket.

The Clerk of Court is directed to terminate ECF No. 13, to transfer this case to the Eastern District of New York, and to close this case in this District.

SO ORDERED.

Dated: January 12, 2021
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] Mr. Gonzalez also filed a letter with the Court explaining that his case is "about retirement benefits, *not* disability," ECF No. 27, ex. A, apparently in response to Defendant's description of his claims as being for "disability benefits" in the moving papers, ECF No. 15, at 3. In any event, this distinction is immaterial for venue purposes, because 42 U.S.C. § 405(g) governs judicial review of final decisions by the Commissioner of Social Security concerning both retirement and disability benefits.